PETER C. BRONSON, Cal. Bar No. 60669
HERBERT KATZ, Cal. Bar No. 33474
KELLY LYTTON & VANN LLP
1900 Avenue of the Stars, Suite 1450
Los Angeles, California 90067
Telephone (310) 277-5333 Fax: (310) 277-5953

Attorneys For Plaintiff Victor Entertainment, Inc.

NO DATES

LODGED

2002 JUL -9 PM 4:25

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **VICTOR ENTERTAINMENT, INC., a Japanese corporation,**<br><br>***Plaintiff,***<br><br>**vs.**<br><br>**HARMONY GOLD, LTD. HK, a corporation; HARMONY GOLD U.S.A., INC., a corporation; HARMONY GOLD PRODUCTIONS INC., a corporation; HARMONY GOLD PICTURES, INC., a corporation; and HARMONY GOLD ENTERTAINMENT, INC., a corporation,**<br><br>**Defendants.** | **Case No. CV 02-2168-DDP-FMOx**<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
JUL 11 2002
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Pursuant to the Stipulation for Entry of Judgment (the "Stipulation for Judgment") entered into by and between Plaintiff Victor Entertainment, Inc. ("Victor"), on the one side, and defendants HARMONY GOLD, LTD. HK, a corporation ("HG HK"), HARMONY GOLD U.S.A., INC., a corporation ("HG U.S.A."), HARMONY GOLD PRODUCTIONS INC., a corporation ("HG Productions"), HARMONY GOLD PICTURES, INC., a corporation ("HG Pictures"), and HARMONY GOLD ENTERTAINMENT, INC., a corporation ("HG Entertainment"), on the other side (HG HK, HG U.S.A., HG Productions,

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3

ORIGINAL

ENTER ON ICMS
JUL 12 2002

(14)

KELLY LYTTON & VANN LLP
1900 AVENUE OF THE STARS, SUITE 1450
LOS ANGELES, CALIFORNIA 90067

HG Pictures and HG Entertainment are sometimes herein called the "Harmony Gold Parties"), and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to the Stipulation for Judgment, the Court declares the rights and duties of the parties as follows:

(a) The written agreement entered into on or about March 18, 1985 between IDOL Co., Ltd. ("IDOL") [Victor's predecessor in interest] and HG HK, including any renewals, amendments or extensions thereof (the "IDOL-HG Agreement"), pursuant to which, *inter alia*, IDOL granted to HG HK an exclusive license, for the United States and Canada, of theatrical, cable and television broadcasting rights, including video rights, for two feature films (collectively the "Works") entitled *Birth* and *Megazone 23* [also known as *Megazone 23 – Part I*] respectively, terminated no later than March 17, 1999. [The Harmony Gold Parties contend that, in 1985, IDOL and HG HK entered into an amendment to expand the definition of the HG Territory to include the world excluding Japan.] As a result, from and after March 17, 1999, neither the Harmony Gold Parties, nor any of them, nor any of their parents, subsidiaries, affiliates or related entities (the Harmony Gold Parties and all of the other foregoing entities are sometimes referred to hereinafter collectively as the "Harmony Gold Entities"), have had, nor do any of such entities now have, anywhere in the world, any rights in either of the Works or in *Megazone II*, or, without limiting the generality of the foregoing, any right, title or interest in any copyright thereto, or any theatrical, cable, television, broadcasting, video, sale, merchandising or any other rights therein or thereto.

(b) By the terms of the IDOL-HG Agreement, none of the Harmony Gold Entities had any right to grant or enter into any licenses, sublicenses, transfers, assignments, agreements or other documents or instruments affecting or giving any rights, licenses or sublicenses of any kind, with regard to either

KELLY LYTTON & VANN LLP
1900 AVENUE OF THE STARS, SUITE 1450
LOS ANGELES, CALIFORNIA 90067

KELLY LYTTON & VANN LLP
1900 AVENUE OF THE STARS, SUITE 1450
LOS ANGELES, CALIFORNIA 90067

of the Works or *Megazone II*, without the advance consent of IDOL or Victor, as the case may be. No such consent was obtained; therefore, any such purported license, sublicense, transfer, assignment, agreement, or other document or instrument is void.

(c) Notwithstanding the foregoing, the Harmony Gold Entities entered into several third party license agreements (the "Third Party Agreements"), some of which extended beyond March 17, 1999, but all of which have expired or terminated. (A summary of all the Third Party Agreements is attached as Exhibit 2 to that certain Settlement Agreement between Victor and the Harmony Gold Parties dated as of April 30, 2002.) The Harmony Gold Parties shall not be deemed to be in breach of the IDOL-HG Agreement by virtue of such Third Party Agreements summarized on said Exhibit 2.

(d) Victor has, and at all times since March 17, 1999 (subject to paragraph 1(c) above) has had, the right to reproduce, distribute, sell, assign, license and otherwise use and exploit the Works and *Megazone II* and any and all rights therein and thereto, to the complete exclusion of, *inter alia*, the Harmony Gold Entities and any purported assignee, licensee or transferee of, or purchaser from, any of the Harmony Gold Entities; and none of the Harmony Gold Entities has any interest in any copyright of the Works, or either of them, or *Megazone II*.

3. Each party to this action shall bear its own respective costs and attorney's fees.

4. The Clerk of the Court is ordered to enter this Judgment forthwith.

DATED: 7-11-02

[signature]
United States District Judge

**PROOF OF SERVICE**
**Victor Entertainment, Inc. vs. Harmony Gold, et al.**
**United States District Court, Central District of California**
**Los Angeles Division Case No . CV-02-02168-DDP-FMOx.**

I DECLARE that I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 1900 Avenue of the Stars, Suite 1450, Los Angeles, California 90067.

On July __9__, 2002, I served the foregoing document(s) described as:

1) **JUDGMENT PURSUANT TO STIPULATION [Proposed]**

____ by placing _X_ the original___ true copies thereof enclosed in a sealed envelope addressed as follows:

**Barry G. West, Esq.**
**Caims, Weil, West & Epstein, LLP**
**1875 Century Park East**
**Twelfth Floor**
**Los Angeles, California 90067-2513**

____ **(By Fax)** By transmitting a true and correct copy thereof via facsimile transmission.

_X_ **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ **(By Personal Service)**
______ By personally delivering such envelope to the addressee.
______ By causing such envelope to be delivered by messenger to the office of the addressee.

____ **(By Next-Day Delivery Service)**
______ By causing such envelope to be delivered to the office of the addressee by overnight delivery via United Parcel Service or by other similar overnight delivery service.

____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**EXECUTED** on July __9__, 2002, at Los Angeles, California.

MICHAEL URIBE ☺
Legal Assistant